UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAWRENCE TAYLOR, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:12-CV-370 RM<br>(Arising out of 3:08-CR-100 RM) |

OPINION and ORDER

Lawrence Taylor robbed a bank at gunpoint while on supervised release for another bank robbery. He pleaded guilty, without a written plea agreement, to armed bank robbery, in violation of 18 U.S.C. § 2113(d); stipulated to a twelve-month sentence for violating the terms of his supervised release; and was sentenced to an aggregate term of imprisonment of 180 months (168 months for the robbery and twelve months for the supervised release violations). After the court of appeals rejected Mr. Taylor's challenge to the consecutive sequencing of his sentence on direct appeal and affirmed the judgment, *see* United States v. Taylor, 2011 WL 2729070 (7th Cir. July 13, 2011) and United States v. Taylor, 628 F.3d 420 (7th Cir. 2010), Mr. Taylor filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, claiming that he would have received a lower sentence but for trial counsel's ineffective assistance at sentencing. That motion and Mr. Taylor's motion for appointment of counsel are now before the

court. For the reasons that follow, the court denies both the motion to appoint counsel and the motion to vacate.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings. The court has reviewed Mr. Taylor's motion and supporting memorandum and finds that his arguments, while adequately presented, aren't supported by the record and can be resolved without a hearing, *see* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995), and that appointment of counsel is neither required or warranted in this case. *See* Rauter v. United States, 871 F.2d 693, 695-96 (7th Cir. 1989).

"[A]n ineffective assistance of counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). But judicial scrutiny of an attorney's performance is "highly deferential," and the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Jones v. Page, 76 F.3d 831, 840 (7th Cir. 1996) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)). To

2

overcome that presumption, Mr. Taylor must show that counsel's representation was so deficient that it "fell below an objective standard of reasonableness," and that it prejudiced his defense, rendering the outcome of the proceedings against him unreliable. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006); United States v. Bradford, 78 F.3d 1216, 1225 (7th Cir. 1996).

Mr. Taylor contends that trial counsel was ineffective at sentencing because he didn't tell the court about mitigating factors under 18 U.S.C. § 3553 (his mental and physical health and age) or argue for a lower sentence based on what Mr. Taylor perceives to be "extraordinary" acceptance of responsibility. His arguments are conclusory, and factually and legally unsupported.

The court was well aware of Mr. Taylor's age and mental and physical health at the time of sentencing, considered them in determining a reasonable sentence, and found that a sentence of 168 months' imprisonment was sufficient but not greater than necessary to satisfy the purposes of 18 U.S.C. § 3553(a).

Before sentencing the court directed the Probation Office to prepare and submit a presentence investigation report. Paragraphs 55 and 58-60 of that report contained information regarding Mr. Taylor's age, physical condition, and mental and emotional health, and reported that he suffered from a fracture and dislocation of his right shoulder and fractured left ankle from an auto accident on July 23, 1995, a hernia, and high blood pressure, but wasn't taking any medications; that he had been hospitalized twice, once in January 1998 and again

in March 1999, as a result of suicidal ideations, and had been diagnosed with psychotic disorder, polysubstance abuse, recurrent major depression with psychosis, and cognitive disorder, and was treated with antidepressant medications and psychotherapy; and that he was diagnosed as a paranoid schizophrenic in July 2008 and prescribed Cmybalta and Abilify. The court adopted those findings as its own at sentencing.

Mr. Taylor's attorney also provided the court with information about his physical and mental health in the sentencing memorandum he submitted on September 18, 2009 and at sentencing, which was consistent with the presentence investigation report. The court considered those factors in determining what a reasonable sentence would be, and found that:

> Mr. Taylor is 54 years old — an age at which most ex-offenders are going straight rather than robbing banks. He has a long criminal history. He was fined or sentenced to probation for dealing marijuana in 1981, misdemeanor carrying of a weapon in 1988, misdemeanor criminal conversion in 1990, misdemeanor driving while suspended and misdemeanor criminal conversion in 1991, misdemeanor obtaining controlled substance by fraud in 1995, and driving while suspended in 2000. In 2001, he pleaded guilty to an Indiana bank robbery (another bank robbery charge was dismissed) in which [he] told the teller he was armed and would kill her. Mr. Taylor failed to appear for sentencing. In 2002, Mr. Taylor pleaded guilty to a bank robbery charge in the U.S. District Court in Minnesota.
>
> Mr. Taylor says sincerely and eloquently that he intends never to rob a bank again. Still, Mr. Taylor's earlier bank robberies were committed without the use of firearms. Although he claims to have taken care not to point his handgun at anyone during this most recent robbery, he appears to have taken care to load it before entering the bank, as well. Given the escalating nature of Mr. Taylor's criminal conduct, he poses a very serious risk to the public, increasing the need for today's sentence to protect the public.

> ***
> …[Mr. Taylor's] physical health appears to be reasonably good. His mental health has been less certain for the past eleven years. Mr. Taylor has used various controlled substances since the age of 25.

Mr. Taylor cites no credible evidence to the contrary. He maintains that he has physical and metal conditions, including hypertension, diverticulitis, "pseudomonas aeruginosa," arthritis, an enlarged prostate, shoulder and ankle injuries dating back to 1995, paranoid schizophrenia, and depression; which should have been brought to the court's attention, and that the outcome would have been different had counsel requested a downward departure under U.S.S.G. §§ 5K2.0 and 5K2.13 (diminished capacity). But Mr. Taylor's assertions about the severity of his physical and mental conditions aren't documented or supported by any credible evidence, and are inconsistent with the record before the court.[1]

Mr. Taylor's assertion that he would have received a lower sentence under U.S.S.G. §§ 5K2.16 (voluntary disclosure of offense) and 5K2.0 but for his attorney's ineffective assistance in failing to request those downward departures is similarly unsubstantiated. Mr. Taylor maintains that he admitted to two other bank robberies during the course of the investigation in this case, that without his confession the government wouldn't have been able to prove he committed those crimes, that a downward departure was warranted under § 5K2.16, and that his attorney failed to request it. Mr. Taylor misunderstands § 5K2.16, which states

---

[1] Mr. Taylor asserted that: "'hypertension' is the 'Silent Killer,'" [for] which there is no cure;" that diverticulitis "can lead to death"; and that the Bureau of Prison's facilities can't treat "pseudomonas aeruginosa" (a foot fungus).

5

that: "If the defendant voluntarily discloses to authorities the existence of, and accepts responsibility for, the offense prior to the discovery of the offense, and if such offense was unlikely to have been discovered otherwise, a downward departure may be warranted." But it doesn't apply when "the defendant's disclosure occurs in connection with the investigation or prosecution of the defendant for related conduct." Id. The guideline "by its plain terms, authorizes a departure for the voluntary disclosure of undiscovered 'offenses,' not offenders." United States v. Aerts, 121 F.3d 277, 280 (1997)).

Mr. Taylor hasn't shown that his attorney's performance was deficient or objectively unreasonable, or that his defense was prejudiced by counsel's performance. To show prejudice, Mr. Taylor must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. at 694; Jones v. Page, 76 F.3d at 840. He hasn't met that burden. Mr. Taylor hasn't identified evidence that would have created a reasonable probability of a different outcome, or outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable.

Accordingly, the court DENIES Mr. Taylor's motion to vacate, set aside, or correct his sentence under 28 U.S.C.§ 2255 [Doc. No. 108], and his motion for appointment of counsel [Doc. No. 109].

SO ORDERED.

ENTERED:     December 17, 2013

6

                                              /s/ Robert L. Miller, Jr.
                                              Robert L. Miller, Jr., Judge
                                              United States District Court

cc:    L. Taylor
        F. Schaffer