UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAWRENCE TAYLOR, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:12-CV-370 RLM<br>(Arising out of 3:08-CR-100 RLM) |

OPINION and ORDER

On December 17, 2013, the court denied Lawrence Taylor's motion to vacate his conviction and sentence under 28 U.S.C. § 2255 and motion to appoint counsel. Judgment was entered the following day, but Mr. Taylor didn't file a motion for certificate of appealability until March 31, 2014. For the following reasons, the court denies that motion.

Issuance of a certificate of appealability requires the court to find that Mr. Taylor has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He hasn't met that burden or filed a notice of appeal.

The court can construe the motion for a certificate of appealability as a notice of appeal, if the motion satisfies the requirements of a notice of appeal, *i.e.*, specifies the party taking the appeal, the judgment or order being challenged, and the appellate court to which the appeal is taken, *see* FED. R. APP. P. 3(c)(1); Wells v. Ryker, 591 F.3d 562, 564-65 (7th Cir. 2010); Bell v. Mizell, 931 F.2d 444, 445 (7th Cir. 1991)(per curiam), but the court can't find good cause for extending the

filing deadline in this case.

Mr. Taylor's motion indicates that he wants to appeal from the December 17, 2013 order denying his § 2255 petition and motion for appointment of counsel. The court therefore construes Mr. Taylor's motion for a certificate of appealability as a notice of appeal. *See* Smith v. Grams, 565 F.3d 1037, 1042 (7th Cir. 2009) ("When a party may appeal only to a certain court, we have recognized the validity of a notice of appeal that contains no mention whatsoever of the court to which the case is being taken; we infer that the party intended to appeal to the only available forum.").

Under FED. R. APP. P. 4(a)(1)(B), Mr. Taylor had until February 17, 2014 (sixty days from the date of judgment) to file his notice of appeal. He filed his request for a certificate of appealability (the functional equivalent of a notice of appeal) on March 31, 2014 – 103 days after judgment was entered. Mr. Taylor's filings are governed by the "mailbox rule," Houston v. Lack, 487 U.S. 266, 270 (1988); Ray v. Clements, 700 F.3d 993, 1002 (7th Cir. 2012), but Mr. Taylor hasn't made the requisite showing under FED. R. APP. P. 4(c)(1), or filed a motion for extension of time to file a notice of appeal within the time allotted under Fed. R. App. P. 4(a)(5)(A), or satisfied the requirements of FED. R. APP. P. 4(a)(6)(A)-(C) to reopen the time to file an appeal. Mr. Taylor's notice of appeal is therefore untimely. *See* Remer v. Burlington Area Sch. Dist., 205 F.3d 990, 994 (7th Cir. 2000) ("[T]he timely filing of a notice of appeal is both mandatory and jurisdictional, and a notice filed too late will preclude appellate jurisdiction."

(quotation omitted)); Raven v. Madison Area Technical College, 443 Fed. App'x 210, 212, 2011 WL 4478266, at *3 (7th Cir. Sept. 28, 2011) ("Although we liberally construe *pro se* filings, we do not enlarge filing deadlines for them.").

Based on the foregoing, the court construes Mr. Taylor's motion for a certificate of appealability as a notice of appeal, concludes that the notice is untimely, and finds that no provision of the Federal Rules of Civil Procedure or Appellate Procedure justifies extending the deadline for Mr. Taylor to file a notice of appeal. The motion for a certificate of appealability [Doc. No. 5 in 3:12cv370][Doc. No. 122 in 3:08cr100] is DENIED.

SO ORDERED.

ENTERED:  April 2, 2014

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc: L. Taylor
AUSA Schaffer